# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL NOTARY ASSOCIATION,<br><br>Defendant. | Case No. CV 25-0334 FMO (PDx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER RE: CLASS ACTIONS & REPRESENTATIVE ACTIONS** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The term "Counsel," as used in this Order, includes parties appearing pro se.

The court has scheduled the dates set forth on the last two pages of this Order after review of the parties' Joint Rule 26(f) Report. Therefore, the court deems a Scheduling Conference unnecessary and hereby **vacates** the hearing. The dates and requirements set forth in this Order are firm. The court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a proper showing.

In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" the court **orders** as follows.

1  I.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.

2  Any stipulation or motion to amend as to any claims, defenses, or parties shall be filed by
3  the deadline set forth in the attached schedule, failing which it shall be deemed that the party has
4  waived any such amendments.  All unserved parties not timely served shall be dismissed without
5  prejudice.  In addition, all "Doe" defendants are to be identified and named on or before the date
6  set forth below, on which date all remaining "Doe" defendants will be deemed dismissed, unless
7  otherwise ordered by the court upon a showing of good cause.

8  II.    DISCOVERY.

9  A.     Generally.

10 Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local
11 Rules concerning discovery.  Pro se litigants are entitled to discovery to the same extent as
12 litigants represented by counsel.  The court allows discovery to commence as soon as the first
13 answer or motion to dismiss is filed.  The parties should note that absent exceptional
14 circumstances, **discovery shall not be stayed** while any motion is pending, including any motion
15 to dismiss or motion for protective order.  Whenever possible, the court expects counsel to resolve
16 discovery disputes among themselves in a courteous, reasonable, and professional manner.  The
17 court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines
18 (available on the Central District's website under Information for Attorneys > Attorney Admissions).
19 **The court does not bifurcate discovery**.

20 B.     Discovery Cut-Off.

21 The court has established a cut-off date for discovery, including expert discovery, if
22 applicable.  This is not the date by which discovery requests must be served; it is the date by
23 which all discovery, **including hearings on any related motions**, is to be completed.  **The**
24 **parties are directed to conduct any necessary discovery as soon as possible, as the court**
25 **is not inclined to grant any extensions of the discovery or other case-related deadlines**.

26 C.     Discovery Motions.

27 Any motion relating to a deposition or challenging the adequacy of discovery responses
28 must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit

2

the responses to be obtained and/or the deposition to be completed before the discovery cut-off if the motion is granted. Given the requirements set forth in the Local Rules (e.g., "meet and confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, i.e., by preparing and serving the letter required by Local Rule 37-1.

      D.    Expert Discovery.

All disclosures must be made in writing. The parties should begin expert discovery immediately after the initial designation of experts. The final pretrial conference and trial dates will not be continued because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

III.    MOTIONS.

The court has established a cut-off date for the filing and service of motions for the court's law and motion calendar. Counsel should consult the court's Initial Standing Order and related procedures, located on the Central District's website,[1] to determine the court's requirements concerning motions and other matters. Any motion that is noticed more than 35 days beyond the date the motion is filed may be stricken or advanced to an earlier motion date. If the motion is advanced to an earlier motion date, counsel shall comply with the briefing schedule dictated by the new hearing date. See Local Rules 7-9 & 7-10.

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300 pages**, the documents shall be placed in a **three-ring binder**, with an index and with each item of evidence separated by a tab divider on the right side. In addition, counsel shall provide an electronic copy (i.e., cd, dvd, or flash drive) of the documents in a single, OCR-scanned PDF file with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all documents are legible. Counsel are strongly encouraged to cite docket numbers (and sub-

---

[1] http://www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. Fernando M. Olguin (http://www.cacd.uscourts.gov/honorable-fernando-m-olguin).

numbers) when citing to the record.

IV. SETTLEMENT.

Pursuant to Local Rule 16-15, the parties must complete a settlement conference. **No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference**.

If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled. If the case settles as to the plaintiff's individual claims only, then the Notice of Settlement shall so indicate, and if the a class has not yet been certified, then the Notice shall make clear that dismissal of the class allegations is without prejudice. If the settlement is as to class claims, the Notice shall clearly state that plaintiff intends to file a motion for preliminary approval. The court will thereafter issue an order regarding such motions. Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement** in accordance with the requirements set forth on the last two pages of this Order.

V. COMPLIANCE WITH THIS ORDER, THE LOCAL RULES, AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules, or the Federal Rules of Civil Procedure may result in sanctions being imposed.

/ / /

/ / /

/ / /

<u>Teresa Turner v. National Notary Association</u>
Case No. CV 25-0334 FMO (PDx)

## CASE DEADLINES

The court hereby enters the following scheduling order:

1. Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **July 7, 2025**, failing which it shall be deemed that party's waiver of any such amendments in this action. All "Doe" defendants are to be identified and named on or before **July 7, 2025**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

2. All fact discovery shall be completed no later than **October 7, 2025**. The court does not bifurcate discovery.

3. All expert discovery shall be completed by **December 22, 2025.** The parties must serve their Initial Expert Witness Disclosures no later than **October 21, 2025**. Rebuttal Expert Witness Disclosures shall be served no later than **November 21, 2025**. The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4. The parties shall complete their settlement conference before a private mediator no later than **October 7, 2025**. Plaintiff's counsel shall contact the agreed-upon mediator with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court. After obtaining available dates from the mediator, counsel for the parties shall confer and select one of the proposed dates. Plaintiff's counsel shall then advise the mediator of the settlement conference date selected by parties. If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers, and providing the information set forth above. Otherwise, **the parties must, no later than 48 hours after the settlement conference is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, <u>i.e.</u>, the terms of any offers or demands. The Status Report shall

describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences. The Status Report shall also include the name of the mediator who assisted the parties with their settlement conference.

     5.   Any motion for class certification shall be filed no later than **January 22, 2026** and noticed for hearing regularly under the Local Rules.[2] Any untimely or non-conforming motion will be denied. *The motion for class certification shall comply with the requirements set forth in the Court's Order Re: Motions for Class Certification issued contemporaneously with the filing of this Order.*

     6.   The court will set dates and deadlines for summary judgment, trial, the pretrial conference, and the parties' pretrial filings after the resolution of the motion for class certification. Dated this 7th day of April, 2025.

/s/
Fernando M. Olguin
United States District Judge

---

[2] Any challenge to expert testimony pursuant to Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be done within the joint brief, or in a separate motion that is filed at the same time the joint brief is filed.