1   **CLARK HILL LLP**
    Myriah Jaworski (SBN 336898)
2   mjaworski@clarkhill.com
    Ali Bloom (SBN 347446)
3   abloom@clarkhill.com
    One America Plaza
4   600 West Broadway, Suite 500
    San Diego, CA 92101
5   Telephone:   (619) 557-0404
    Facsimile:    (619) 557-0460
6
    Chirag H. Patel (*pro hac vice*)
7   cpatel@clarkhill.com
    130 E. Randolph
8   Suite 3900
    Chicago, IL 60601
9   Telephone:   (312) 985-5900
    Facsimile:    (312) 985-5999
10
    *Attorneys for Defendant National Notary Association*
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  TERESA TURNER, INDIVIDUALLY        Case No. 2:25-CV-00334-FMO-PD
    AND ON BEHALF OF ALL OTHERS
16  SIMILARLY SITUATED,

17                          Plaintiff,   **DEFENDANT NATIONAL NOTARY
                                         ASSOCIATION'S MOTION TO STAY
18          v.                           DISCOVERY; MEMORANDUM OF
                                         POINTS AND AUTHORITIES IN
19  NATIONAL NOTARY                      SUPPORT; [PROPOSED] ORDER**
    ASSOCIATION,
20                                       Judge:     Fernando M. Olguin
                            Defendant.
21                                       Hearing: June 12, 2025
                                         Time: 10:00 AM
22                                       Ctrm: 6D

23

24

25

26

27

28
                                         CASE NO.: 2:25-CV-00334-FMO-

## **NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 12, 2025 at 10:00 AM, or as soon thereafter as the matter may be heard, before the Honorable Ferando M. Olguin, in Courtroom 6D of the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant National Notary Association ("NNA" or "Defendant"), by and through its attorneys of record, will and hereby do move for an order staying discovery until decision on Defendant's pending motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").

The Court should stay discovery until it issues a ruling on Defendant's Motion to Dismiss (the "Motion") (Dkt. No. 14). Under the Ninth Circuit's two-part test, a short stay of discovery is warranted because Defendant's Motion is potentially dispositive of the entire case and can be decided without further discovery.

This motion is based upon the following memorandum of points and authorities, the proposed order, the complete files and records in this action, the argument of counsel, and any other matters the Court may consider.

1

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3**

2          This motion is made following the conference of counsel pursuant to L.R. 7-

3    3, which took place on May 7, 2025. The parties conducted an informal discovery

4    conference with Magistrate Judge Donahue on May 13, 2025.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................. 1

II.    FACTUAL BACKGROUND ................................................... 2

       A.     Procedural History ................................................. 2

       B.     Plaintiff's Discovery Requests ................................. 2

III.   LEGAL STANDARD ........................................................... 4

IV.    ARGUMENT ..................................................................... 4

       A.     Discovery Should Be Stayed. ................................... 4

       B.     Good Cause Exists to Stay Discovery ...................... 7

V.     CONCLUSION ................................................................. 9

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2 .................... 10

## I.    INTRODUCTION[1]

This case tests the outer limits of the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Plaintiff Teresa Turner's ("Turner" or "Plaintiff") Complaint asserts a VPPA claim against the National Notary Association ("NNA"), who by Turner's own account is a "not-for-profit corporation" that is the "largest and oldest organization in the United States serving notaries and training persons to be notaries through certifications, training, seminars, conferences, and printed and online educational materials." Compl. ¶ 14. Turner is a professional notary who actively promotes her association with the NNA and the Loan Signing Agent certification she obtained from the NNA. Mot. at 4.

The NNA's underlying Motion to Dismiss [ECF No. 14] is a Fed. R. Civ. P. 12(b)(1) factual challenge and 12(b)(6) legal challenge which demonstrates that Turner has no plausible claim based on the NNA's alleged disclosure of her Loan Signing Agent certification. Mot. at 6-12. Not only does the NNA's Motion unequivocally demonstrate that the alleged disclosure never occurred, but the certification course is not "private" because she herself has published that information across the internet. Mot. at 12-13, 15-19. Additionally, Turner's own allegations demonstrate that the NNA is not a "video tape service provider," which is a necessary element of a VPPA claim. Last, the alleged website code is disclosed is not readily identifiable by an "ordinary person." *Solomon v. Flipps Media, Inc*., No. 23-7597-CV, 2025 WL 1256641 (2d Cir. May 1, 2025)

Each of the issues are fully dispositive, do not require discovery, and cannot be cured by amendment.[2] This Court should put a brief pause on burdensome and sweeping putative class discovery while it resolves the substantial bases for

---

[1] The NNA's Motion to Dismiss [ECF No. 14] is cited as "Motion" or "Mot." Turner's Opposition [ECF No. 26] is cited as "Opposition" or "Opp." The NNA's reply brief [ECF No. 28] is cited as "Reply."

[2] Notably, Turner's Opposition does not argue that discovery is necessary to resolve the NNA's Motion.

dismissal raised in the NNA's Motion.

Last, as explained below, the balance of equities and the efficient administration of justice strongly favors a stay. The Court has taken the Motion under submission. [ECF No. 30]. While the NNA is mindful of the Court's busy calendar, the Motion being under submission means the time for disposition is uncertain. A stay pending resolution would prevent wasted resources, while creating no prejudice to Turner for a short delay. Accordingly, Defendant respectfully requests a stay on discovery until the Court resolves its Motion.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

Plaintiff, on behalf of herself and other similarly situated, filed her Complaint on January 13, 2025. [ECF No. 1]. On March 7, 2025, Defendant filed its Rule 12 Motion to Dismiss. [ECF No. 14]. On April 7, 2025, this Court entered a case management order stating that: "[t]he parties should note that absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order." [ECF No. 25 at 2 [(emphasis in original)].

The NNA's Motion was fully briefed as of April 17, 2025. [ECF Nos. 27, 28]. The Court originally set the Motion for hearing on May 1, 2025, but on April 28, 2025, removed the Motion from the calendar and placed it under submission. [ECF No. 30]. On May 2, 2025, the Court extended the United States' deadline to intervene to June 30, 2025. [ECF No. 32]. On May 13, 2025, the Parties' conducted a discovery conference with Magistrate Judge Donahue.

### B.    Plaintiff's Discovery Requests

On April 14, 2025, Turner served her First Requests for Production and First Set of Interrogatories to Defendant. *See Plaintiff's First Set of Discovery*, attached hereto as Exhibit A. Turner also issued two third-party subpoenas.

The discovery to NNA makes broad requests for documents including requests for all information provided to Meta that meets the Turner's definition of "Personal Information" and all contracts between Defendant and Meta. For example, the requests include:

> **Request for Production No. 2:** All documents, communications, and ESI concerning Your transmission of any Person's Personal Information to Meta.

> **Request for Production No. 3:** All contracts, agreements, statements of work, work orders, order forms, or the like exchanged between You (or any other party acting on Your behalf) and Meta concerning Your use of the Metal Pixel or Your transmission of Personal Information to Meta.

> **Request for Production No. 6:** Documents, communications, and ESI, showing all the Personal Information that was shared with Meta via the Meta Pixel on Your Website.

> **Request for Production No 8:** Website code, technical documentation, technical papers, and computer source code sufficient to show the manner in which Your Website operated to collect and transmit Your customers' Personal Information by or through the Meta Pixel and its underlying events and parameters installed on Your website.

> **Request for Production No. 12:** All documents, communications, and ESI sufficient to identify all the Persons who requested or obtained video materials or other services from You and whose Personal Information was transmitted to Meta, specifically including those individuals' names and email addresses.

Ex. A.

These requests seek an overwhelming amount of information, including Defendant's website and source code, confidential business information, and private information about the NNA's customers. The discovery is not limited to Turner's interactions with the NNA's Website; rather, the discovery seeks broad information about "all the Persons" who interacted with the NNA's Website. *See* RFP Nos. 2, 12. The NNA's responses and objections are due on May 29, 2025.

## III.    LEGAL STANDARD

This Court has broad discretion to stay discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially dispositive motion." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). However, courts in this District apply a two-part test that finds a stay appropriate when (1) a motion to dismiss is potentially dispositive of the entire case and (2) the motion can be decided absent additional discovery. *Luna v. Girgis*, No. 221CV09765FWSAFM, 2022 WL 3012167 (C.D. Cal. June 30, 2022) (Slaughter, J.). The NNA meets both factors.

## IV.    ARGUMENT

This Court should grant a stay of discovery pending its resolution of the NNA's motion to dismiss because the NNA satisfies the Ninth Circuit's two-part test. *See* § IV(A), *infra*. Alternatively, this Court should grant a stay under Fed. R. Civ. P. 26(c)'s "good cause" standard. *See* § IV(B), *infra*.

### A.    Discovery Should Be Stayed.

#### i.    *The Motion to Dismiss is Potentially Dispositive of the Entire Case.*

Where a motion to dismiss is pending, courts may "take a preliminary peek at the merits . . . to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Bride v. Snap Inc.*, No. 221CV06680FWSMRW, 2022 WL 17184600, at *2 (C.D. Cal. Oct. 21, 2022). A motion is potentially dispositive where all of the claims in the complaint would be subject to dismissal if the motion were granted, regardless of the ability to amend. *See Reveal Chat Holdco, LLC*, 2020 WL 2843369 at*3 ("[o]n a motion to stay discovery . . . the question is only whether [defendant's] motion to dismiss is 'potentially dispositive of the entire [case].'"(citation omitted)). As explained in *Tradin Organics USA LLC v. Terra*

*Nostra Organics, LLC*, No. 23-CV-03373-AMO, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023):

> [t]he fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is ***potentially*** dispositive of the entire case.

(emphasis added).

Turner's Complaint asserts a single claim of the VPPA. The crux of her claim is that the NNA violated the VPPA by disclosing "private video information" to a third-party *via* the NNA's use of a ubiquitous website analytical tool called a Meta Pixel. Compl. ¶¶ 1-3. The specific information that Turner claims is private video information is a course she purchased from the NNA's website. Compl. ¶ 9. The NNA's investigation revealed that Turner's purchase from the NNA was a Loan Signing Agent certification course (Turner does not dispute this). Mot. at 5. The NNA's investigation also revealed that Turner promotes her Loan Signing Agent certification and affiliation with the NNA across the internet – on her website, on LinkedIn, and on Facebook. Mot. at 5. Turner does not dispute this either.

First, the NNA's Motion raises a factual Rule 12(b)(1) challenge. Under that challenge, Turner must prove she has an Article III injury-in-fact by showing that she actually suffered a violation of the specific and narrow privacy right enshrined by the VPPA. Mot. at 2, 7-13. But, Turner could *never* demonstrate that injury-in-fact under the VPPA for three distinct reasons:

1. The very course from the NNA that she claims is "private video information" was *never* disclosed by the NNA to Meta;

2. Turner cannot demonstrate a privacy interest in the alleged course that she claims is "*private* video information" (titled "NSA Certification Training and Exam") because Turner voluntarily published that exact information across the internet to promote her business interests as a Notary; and

3. Turner cannot demonstrate a privacy injury based on the NNA's alleged disclosure *to Meta*, because she herself disclosed her NSA certification to Meta by posting that information on her Facebook profile (Meta owns Facebook).

Mot. at 2; 7-13; Reply at 1-2 [ECF No. 28].

Even if Turner could defeat the Rule 12(b)(1) challenge to her standing, her single VPPA claim fails as a matter of law for a variety of reasons. Primarily, the NNA is not a Video Tape Service Provider ("VTSP"). Mot. at 15-18. As organization is a VTSP only if delivering covered video content is its "defining feature" and "focus." *Rodriguez v. JP Boden Servs. Inc.*, No. 23-CV-00534-L-VET, 2024 WL 559228, at *4 (S.D. Cal. Feb. 12, 2024). However, by Turner's own admission the NNA is a "not-for-profit corporation" who offers "certifications, training, seminars, conferences, and printed and online educational materials." Compl. ¶14. *See Markels v. AARP*, 689 F. Supp. 3d 722, 728 (N.D. Cal. 2023) (finding that the AARP is not VTSP because "providing video content [was not] a substantial or significant purpose of AARP").

Next, the alleged disclosure occurred through a string of computer code which is not information that would readily permit an *ordinary person* to identify that Turner requested covered video material from the NNA. Mot at 20-21; *see Solomon*, 2025 WL 1256641, at *7 (following *Eichenberger v. ESPN, Inc.,* 876 F.3d 979, 984 (9th Cir. 2017)).

Finally, Turner's Complaint attempts to extend the VPPA far beyond its intended scope in a manner that violates Due Process and the First Amendment. Mot. at 22-24.

Each of the foregoing arguments are potentially dispositive of the entire case, and, therefore, a stay is appropriate. *See Quezambra*, 2019 WL 8108745, at *2 ("Defendants' motions to dismiss are potentially dispositive of the entire case as they

raise arguments related to Article III standing, the adequacy of [plaintiff's] pleading, and [plaintiff's] ability to state a claim based on her allegations.").

### ii.    The Motion Can be Decided Absent Discovery

No discovery is required to decide the NNA's Motion, thereby satisfying the second prong. The NNA has provided the Court with a declaration and facts subject to judicial notice, and Turner has at her disposal all information concerning her alleged harms and her actions that belie those harms, such as her Facebook posts and LinkedIn profile. But most importantly, **Turner's Opposition neither disputes the accuracy of the declaration nor argues that discovery is necessary to resolve the NNA's Motion**. *See* Opp. at 13 [ECF No. 28]. Further, the discovery requests served by Plaintiff do not relate to Turner's lack of standing, but instead concern the NNA's website operations, traffic, and other components of its business. *See* Ex. A.

In short, the Court can decide the NNA's Motion on the briefing alone, and no discovery is required. *See Garcia v. Welltower OpCo Group, LLC*, No. SACV202250JVSKESX, 2023 WL 8047823, at *2 (C.D. Cal. Aug. 23, 2023) ("The Court finds no reason as to why discovery is needed prior to the disposition of the motion to dismiss."); *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (holding a stay was warranted because. "should the motion be granted, any discovery request would be moot").

### B.    Good Cause Exists to Stay Discovery

The Court need go no further and should stay discovery for the reasons detailed above. However, Defendant's request  also satisfies Fed. R. Civ. P. 26(c), which permits a court to stay discovery upon a showing of good cause. *Bride*, 2022 WL 17184600, at *2  (finding good cause was shown where a motion to dismiss was pending that would dispose of the entire case and no discovery was necessary to rule on the pending motion); *Bhatia v. Office of U.S. Att'y, N.D. Cal.*, 2010 WL 11714069, at *4 (N.D. Cal. Dec. 17, 2010) ("[d]efendant has  met  the Rule 26(c) "good cause" standard by showing that the discovery is irrelevant to the

pending motions and will be unnecessary if the case is disposed of at the motion to dismiss stage.").

As explained above, Turner's discovery requests are extraordinarily broad and seek documents that have no bearing on the issues raised in the NNA's Motion. The Court should prevent the NNA from engaging in an expensive and time-consuming process while it considers the NNA's Motion. *See Arcell v. Google LLC, No. 5:22-CV-02499-EJD*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (finding a stay of discovery was warranted until a motion to dismiss was considered "because it will promote efficiency and avoid undue burden to Defendants" in the face of broad, time-consuming and expensive discovery requests). Moreover, class discovery is an expensive and burdensome process, and that burden typically falls disproportionately on defendants, as it would here, because "class action plaintiffs typically possess no or very limited discoverable materials, while defendants may have reams of documents and terabytes of electronic data. Class action plaintiffs thus have an incentive to seek aggressive discovery (and log a tremendous number of hours in the process) without fear of reciprocally burdensome discovery." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 666 (9th Cir. 2020). Indeed, courts routinely stay discovery when a motion to dismiss is pending in putative class actions. *See Webb v. Rejoice Delivers LLC*, No. 22-CV-07221-BLF, 2025 WL 722440, at *2 (N.D. Cal. Mar. 6, 2025) (staying discovery in a putative class action where a motion to dismiss was pending because "the stay would aid judicial efficiency and conserve the parties' resources"); *Pereda v. Gen. Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022) (granting a motion to stay in a class action lawsuit where the plaintiff's discovery requests would be extraordinary burdensome and noting that "before embarking on such discovery, it would benefit the parties and the Court to know what claims are at issue"); *Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (holding a stay was warranted in a putative class action because "requiring the parties

to engage in discovery until the pending motions are resolved would not be efficient.").

Furthermore, Turner will suffer no harm by a short delay in the discovery process while the Court rules on Defendant's motion. *See Garcia*, 2023 WL 8047823, at \*2 ("Moreover, a stay would last no more than several weeks (or sooner depending on the proposed briefing schedule), and neither party would suffer any prejudice from a stay."); *Reveal Chat Holdco*, 2020 WL 2843369, at \*4 (granting a stay because it "allows all parties to commence discovery with a better understanding of which claims, if any, they must answer"); *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at \*4 (N.D. Cal. Apr. 27, 2018) (granting stay pending resolution of a motion to dismiss that "may narrow the issues and benefit both parties"); *see also Little*, 863 F.2d at 685 (upholding stay that "furthers the goal of efficiency for the court and litigants").

## V.    CONCLUSION

Good cause exists to grant a brief stay of discovery while the Court rules on Defendant's motion to dismiss, and Plaintiff will suffer no harm from a short delay. Accordingly, this Court should grant the NNA's Motion to Stay.

Dated:  May 13, 2025                          CLARK HILL LLP


By: */s/ Myriah V. Jaworski*
Myriah Jaworski

*Attorneys for Defendant National Notary Association*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendant National Notary Association, certifies that this brief contains 3176 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 13, 2025                    CLARK HILL LLP

                                        By: */s/ Myriah V. Jaworski*
                                              Myriah Jaworski

                                        *Attorneys for Defendant National Notary Association*