## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-00334 FMO (PDx)** | Date | **April 10, 2026** |
| Title | **Teresa Turner v. National Notary Association** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order Re: Further Proceedings**

In light of the Court's Order of March 27, 2026, denying defendant's motion to dismiss, (see Dkt. 41, Court's Order of March 27, 2026, at 9), the court sets the following case deadlines.[1]

1.  Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **June 8, 2026**, failing which it shall be deemed that party's waiver of any such amendments in this action.

2.  All fact discovery shall be completed no later than **October 8, 2026**.  The court does not bifurcate discovery.

3.  All expert discovery shall be completed by **December 23, 2026**.  The parties must serve their Initial Expert Witness Disclosures no later than **October 22, 2026**.  Rebuttal Expert Witness Disclosures shall be served no later than **November 23, 2026**.  The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4.  The parties shall complete their settlement conference before a private mediator no later than **October 8, 2026**.  Plaintiff's counsel shall contact the agreed-upon mediator with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the mediator, counsel for the parties shall confer and select one of the proposed dates.  Plaintiff's counsel shall then advise the mediator of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers, and providing the information set forth above.  Otherwise, **the parties must, no later than 48 hours after the settlement conference is**

---

[1]  Except as set forth in this Order, the parties shall comply with all the requirements set forth in the Court's Case Management Order of April 7, 2025 (Dkt. 25).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-00334 FMO (PDx)** | Date | **April 10, 2026** |
|---|---|---|---|
| Title | **Teresa Turner v. National Notary Association** | | |

**completed, file a Status Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences.  The Status Report shall also include the name of the mediator who assisted the parties with their settlement conference.

5.  Any motion for class certification shall be filed no later than **January 25, 2027**, and noticed for hearing regularly under the Local Rules.[2]  Any untimely or non-conforming motion will be denied.  *The motion for class certification shall comply with the requirements set forth in the Court's Order Re: Motions for Class Certification issued on April 7, 2025 (Dkt. 26).*

6.  The court will set dates and deadlines for summary judgment, trial, the pretrial conference, and the parties' pretrial filings after the resolution of the motion for class certification.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[2] Any challenge to expert testimony pursuant to Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be done within the joint brief, or in a separate motion that is filed at the same time the joint brief is filed.