FRANK S. HEDIN (SBN 291289)
HEDIN LLP
1395 Brickell Ave, Ste 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>NATIONAL NOTARY ASSOCIATION,<br><br>Defendant. | Case No. 2:25−cv−00334−FMO−PD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW AND TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE ORDER (ECF No. 44)** |

Plaintiff submits this response in opposition to the motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay pending appeal, or, in the alternative, for reconsideration (ECF No. 44 (the "Motion" or "Mot.")) filed by Defendant National Notary Association.

## INTRODUCTION

The Motion asks the Court to certify an immediate appeal to the Ninth Circuit pursuant to section 1292(b) – relief reserved for only the most "exceptional circumstances," *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) – on two questions: (1) "whether a plaintiff can establish Article III standing under the VPPA based on the alleged disclosure of information that involved public facts and which the plaintiff has already made publicly available";

and (2) "whether a Facebook ID ('FID'), either alone or in combination with other alleged data, constitutes personally identifiable information under the VPPA under the Ninth Circuit's 'ordinary person' standard." (Mot. at ii, ECF No. 44 at 2.) The Court should decline the invitation.

With the benefit of full adversarial briefing submitted by the parties and an amicus brief submitted by the United States of America, the Court recently issued a thorough opinion (ECF No. 41 (the "Opinion" or "Op.") (denying Defendant's motion to dismiss)) in which it carefully considered and, with little difficulty, correctly resolved both of the questions Defendant now rehashes in the Motion. Notwithstanding the Court's thorough and well-reasoned Opinion, Defendant says the Court should certify both questions for an immediate appeal to the Ninth Circuit and stay the case pending the appeal. Defendant says so without citing to any conflicting decisions by the Ninth Circuit or any of its district courts on either question. Nor could it: controlling Ninth Circuit authority is clear that Plaintiff's allegations are sufficient to both state a claim for relief and satisfy Article III's standing requirements. The sole basis for the Motion — that a handful of courts in different circuits have applied different controlling precedent to dismiss VPPA claims involving different facts — is plainly insufficient to obtain certification of an immediate appeal under § 1292(b).

Given the lack of any disagreement in the Ninth Circuit on these issues, the Court should decline Defendant's invitation to further delay this litigation, including the commencement of discovery, by greenlighting a baseless appeal.[1] Indeed, if the Court were to grant the Motion, Defendant's success on appeal would hinge on the occurrence of an exceedingly unlikely chain of

---

[1] Defendant previously moved to stay discovery pending a decision on its motion to dismiss. The court granted that motion and stayed discovery. Even after the Court denied Defendant's motion to dismiss and issued a scheduling order, Defendant has nonetheless refused to produce any documents responsive to Plaintiff's requests for production or answer to Plaintiff's interrogatories. It appears Defendant believes that it is entitled to another *de facto* stay of discovery pending resolution of the instant Motion.

events. First, the Ninth Circuit would need to agree to hear the appeal, which is far from certain[2] – particularly here, given that the Ninth Circuit has already issued a published, controlling opinion on both questions for which certification is sought. Second, even if the Ninth Circuit agreed to hear the appeal, it would then need to reverse its own prior decision on one of the questions. And third, after all that, the Ninth Circuit would then need to conclude that a plaintiff who has alleged a nonconsensual disclosure of the precise sort of video purchase-related information protected from disclosure by the federal VPPA, along with an identifier that anyone with an Internet connection can use to personally identify the plaintiff by name, somehow either lacks Article III standing to seek redress in federal court or has failed to state a claim under the statute. That is a bridge too far.

It is overwhelmingly unlikely, not "substantially likely" as § 1292(b) requires, that the Ninth Circuit would reverse itself on either of the questions for which certification is sought. This case simply does not present the "exceptional" circumstances necessary to warrant an immediate appeal pursuant to § 1292(b). The Motion should be denied.

## APPLICABLE LEGAL STANDARD

District court rulings are generally not appealable until the court disposes of all claims as to all parties or enters final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, LLC, 548 F.3d 738, 747 (9th Cir. 2008); *see also* 28 U.S.C. § 1291. However, "[u]nder 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI*

[2] *See* 28 U.S.C. § 1292(b) (following district court's certification of order for interlocutory appeal, the court of appeals "may thereupon, in its discretion, permit an appeal to be taken from such order"); *Permissive Interlocutory Appeals, 2013-2019*, Federal Judicial Center, at 2, available at https://www.fjc.gov/content/346787/permissive-interlocutory-appeals-2013–2019 (finding that 33% of interlocutory appeals certified by district courts were terminated and left undecided by the Ninth Circuit between 2013 and 2019).

*Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To certify an interlocutory appeal under § 1292(b), the Court "must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation.'" *Id.* (quoting *In re Cement Antitrust Litig*. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)).

The criteria for an interlocutory appeal pursuant to § 1292(b) "are conjunctive, not disjunctive." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). Thus, "[u]nless all these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Ahrenholz*, 219 F.3d at 676; *see, e.g., Couch*, 611 F.3d at 634 ("Having concluded that its legal ruling did not present a legal question on which there is a substantial ground for difference of opinion, the district court erred by certifying its order for § 1292(b) interlocutory review."); *Sec. & Exch. Comm'n v. Green United*, 2024 WL 4894384, at *1 n.4 (D. Utah Nov. 26, 2024) ("The parties focus on whether there is a substantial ground for difference of opinion as to the controlling law. Given the Court's resolution of that question, it need not reach § 1292(b)'s other criteria.") (citing *Ahrenholz*, 219 F.3d at 676).

The second requirement – that the controlling question of law is one for which there is "substantial ground for difference of opinion" – is met where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*

*v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Put another way, "[w]here . . . a controlling court has not 'definitively decided an issue, the party requesting certification must demonstrate that a substantial likelihood exists that the district court ruling will be reversed on appeal.'" *U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1005 (N.D. Ill. 2016) (quoting *Padilla v. DISH Network L.L.C.*, No. 12–CV–7350, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014)). "A party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference of opinion," nor is the possibility that "settled law might be applied differently." *Couch,* 611 F.3d at 633.

**ARGUMENT**

As a threshold matter, the Opinion is thorough, tightly reasoned, and firmly worded. It would make no sense for the Court to regard its own solid piece of work from just over a month ago as substantially likely to be reversed. The Motion should be denied for failure to demonstrate "substantial ground for difference of opinion" on either of the questions for which certification is sought.[3]

[3] Defendant also argues that "these questions are . . . 'controlling' within the meaning of § 1292(b)," and that "an immediate appeal will materially advance the ultimate termination of this litigation" (Mot. at 12, ECF No. 44 at 17, 21). But because the criteria for an interlocutory appeal pursuant to § 1292(b) "are conjunctive, not disjunctive," *Ahrenholz*, 219 F.3d at 676, "[t]he federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (2d Cir. 1991). As discussed below, an immediate appeal pursuant to § 1292(b) is unwarranted here because no "substantial ground for difference of opinion" exists on either question presented in the Motion. *See, e.g., Sec. & Exch. Comm'n*, 2024 WL 4894384, at *1 n.4 ("The parties focus on whether there is a substantial ground for difference of opinion as to the controlling law. Given the Court's resolution of that question, it need not reach § 1292(b)'s other criteria.") (citing *Ahrenholz*, 219 F.3d at 676).

### I. The Court Correctly Held that Plaintiff has Article III Standing, Leaving no Room for any Substantial Disagreement

The first question for which certification is sought – "whether a plaintiff can establish Article III standing under the VPPA based on the alleged disclosure of information that involved public facts and which the plaintiff has already made publicly available," Mot. at ii, ECF No. 44 at 2 – is based on the false premise that Plaintiff's claim seeks to redress Defendant's disclosure of "public facts" that Plaintiff had "already made publicly available." As the Court explained in its Opinion, Plaintiff's claim arises from Defendant's disclosure of information revealing the "particular prerecorded videos [Plaintiff] purchased from defendant's website" – not from information identifying Plaintiff as "a loan signing agent" or as somehow who "obtained a Loan Signing Agent certificate from NNA," Op. at 4-5. It is well established in the Ninth Circuit that these allegations confer Article III standing.

In *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), the Ninth Circuit held that "the requirement of concrete injury for Article III standing is satisfied when a consumer alleges that his video viewing history has been impermissibly disclosed in violation of the VPPA." *Balestrieri v. SportsEdTV, Inc.*, No. 25-CV-04046-SK, 2025 WL 2776356, at *7 (N.D. Cal. Sept. 16, 2025) (citing *Eichenberger*, 876 F.3d at 983-84; *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 877 (N.D. Cal. 2025) (finding concrete injury where the plaintiffs alleged that the defendant "discloses users' ["PII"] to Meta via the Meta Tracking Pixel in violation of the VPPA.")). As the Ninth Circuit explained, it is not possible to violate the VPPA without working concrete and particularized harm to the plaintiff because, by its terms, "every 18 U.S.C. § 2710(b)(1) violation presents the precise harm and infringes the same privacy interests Congress sought to protect by enacting the VPPA." *Eichenberger*, 876 F.3d at 984; *see also Balestrieri,* 2025 WL 2776356, at *7. Moreover, "*every* disclosure of video-viewing history is analogous to the common law tort of public disclosure of private facts—a 'highly

offensive' disclosure of no 'legitimate concern to the public.'" *Balestrieri*, 2025 WL 2776356, at *7 (citing Restatement (Second) of Torts § 652D).

In support of its request to certify the first question presented in the Motion for immediate appeal, Defendant wagers all its chips on the Ninth Circuit's decision in *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). But the decision in *Popa*, while acknowledging and distinguishing *Eichenberger*, "did not explicitly or implicitly overturn *Eichenberger*." *Balestrieri v. SportsEdTV, Inc.*, No. 25-CV-04046-SK, 2025 WL 2776356, at *7 (N.D. Cal. Sept. 16, 2025). Indeed, in considering VPPA plaintiffs' Article III standing following *TransUnion*, "the Ninth Circuit and its district courts have continued to cite *Eichenberger* with approval." *Id.* (citing *Jones v. Ford Motor Co.*, 85 F.4th 570, 574 (9th Cir. 2023) (per curiam); *Morgan v. Twitter, Inc.*, No. 23-3764, 2025 WL 1248821, at *2 (9th Cir. Apr. 30, 2025); *Edwards.*, 773 F. Supp. 3d at 877; *Cantu v. Tapestry, Inc.*, No. 22-CV-1974-BAS-DDL, 2023 WL 4440662, at *4 (S.D. Cal. July 10, 2023). Moreover, other federal courts of appeals considering the issue post-*TransUnion* have likewise concluded that a disclosure of PII in violation of the VPPA necessarily manifests a concrete harm sufficient to satisfy Article III. *Pileggi v. Washington Newspaper Pub'g Co., LLC*, 146 F. 4th 1219, 1227 (D.C. Cir. 2025) (citing *Eichenberger*); *Salazar v. Paramount Glob.*, 133 F.4th 642, 647 (6th Cir. 2025) (same); *Salazar v. Nat'l Basketball Ass'n*, 118 F. 4th 533, 544 (2d Cir. 2024) (same)).

In this case, Plaintiff alleges that Defendant disclosed information revealing the particular prerecorded videos she purchased from Defendant's website. Under the Ninth Circuit's controlling decision in *Eichenberger,* these allegations adequately establish Plaintiff's Article III standing, leaving no room for any difference of opinion (much less the "substantial difference of opinion" required by section 1292(b)) on the question. *See Eichenberger*, 876 F.3d at 983-84. This should be the beginning and the end of the analysis on the first question for which certification is sought.

### II. The Court Correctly Held that Plaintiff's FID is PII under the Statute, Leaving no Room for any Substantial Disagreement

The second question for which certification is sought – "whether a Facebook ID ('FID'), either alone or in combination with other alleged data, constitutes personally identifiable information under the VPPA under the Ninth Circuit's 'ordinary person' standard," Mot. at ii, ECF No. 44 at 2 – also simply requires application of the Ninth Circuit's controlling decision in *Eichenberger.*

In *Eichenberger,* the Ninth Circuit held that "personally identifiable information" within the meaning of the statute is any "information that would readily permit an ordinary person to identify a specific individual's video-watching behavior." *Eichenberger*, 876 F.3d at 985 (quotation omitted).

In its Opinion here, this Court held that an FID qualifies as PII within the meaning of the statute, as interpreted by *Eichenberger* (*see* Op. at 7-8) – a conclusion that is "consistent with the vast majority of courts in the Ninth Circuit that have addressed this question at the pleading stage and have found that Facebook Pixel's disclosure of FIDs and video viewing histories can constitute a PII disclosure." *Chandra v. Prager Univ. Found.*, No. 2:25-CV-03984-MCS-SK, 2026 WL 434938, at *3 (C.D. Cal. Jan. 27, 2026) (collecting cases).[4] Any disagreement Defendant may have with the Court's application of *Eichenberger* to the facts of this case is plainly insufficient to establish the "substantial ground for difference of opinion" necessary to obtain an immediate appeal under § 1292(b). *See Couch,* 611 F.3d at 633 (explaining that "a party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference of opinion," nor is the possibility that "settled law might be applied differently").

---

[4] The Motion cites to *Chandra v. Prager Univ. Found.*, No. 2:25-CV-03984-MCS-SK, 2025 WL 3049870, at *4 (C.D. Cal. Oct. 21, 2025) for the ill-founded idea that an FID is not PII, but neglects to mention that the court presiding over *Chandra* issued a subsequent decision (on January 27, 2026, cited above) denying the defendant's motion to dismiss the plaintiff's amended complaint, after finding that an FID is PII.

Because the Ninth Circuit has previously "spoken on" the second question for which certification is sought in *Eichenberger*, and because the question does not present any novel issues, issues of first impression, or complicated issues of foreign law, Defendant cannot establish any "substantial ground for difference of opinion" on the question for purposes of section 1292(b). *See Couch*, 611 F.3d at 633. The Motion should be denied.

## CONCLUSION

It is well established that § 1292(b) "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Horton v. Thompson*, No. 88 C 6063, 1989 WL 153402, at *3 (N.D. Ill. Nov. 15, 1989). In view of the Ninth Circuit's controlling decision in *Eichenberger*, this is not even a hard case. Indeed, the Court's thorough and well-reasoned Opinion carefully considered and flatly rejected all of Defendant's arguments on both questions for which certification is sought.

Reversal is overwhelmingly unlikely, not substantially likely. There is no reason for the Court to certify its prior ruling for interlocutory review. The Motion should be denied.[5]

Dated: May 7, 2026

Respectfully submitted,

**HEDIN LLP**

By: /s/ *Frank S. Hedin* .

FRANK S. HEDIN (SBN 291289)
1395 Brickell Ave, Ste 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiff and Putative Class*

---

[5] Defendant's alternative request for reconsideration should likewise be denied, both as untimely (*see* Local Civil Rule 7-18), and on the merits (for the same reasons discussed above). Moreover, because certification of an interlocutory appeal under § 1292(b) is unwarranted, the Motion's request for a stay should likewise be denied. *See* 28 U.S.C.A. § 1292(b) (court may exercise discretion to stay proceedings only upon certification of immediate appeal).